UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 4:25-cv-01118

**The State of Texas et al.,**
*Plaintiffs,*

v.

**Adam Wayne Campbell,**
*Defendant.*

# ORDER

This action was initiated in a Texas municipal court and then removed by defendant Campbell. Doc. 1. The case was referred to a magistrate judge. Doc. 5. Plaintiff City of The Colony, Texas filed a motion to remand. Doc. 6. The magistrate judge issued a report recommending that the motion be granted and that the matter be remanded to the municipal court. Doc. 8 at 4. Campbell filed a late opposition to the motion to remand which the court construes as an objection to the magistrate judge's report. Doc. 10.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

In his objections, Campbell argues that removal is proper under 28 U.S.C. § 1443(1) because he cannot receive a fair trial in state court. Doc. 10 at 5. "Removal under § 1443(1) is permissible

only when a right conferred by a law providing for specific civil rights stated in terms of racial equality is denied or cannot be enforced in the state court." *Williams v. Nichols*, 464 F.2d 563, 564 (5th Cir. 1972) (per curiam). Here, Campbell has not alleged facts showing that removal is proper under § 1443(1).

Having reviewed the report and being satisfied that there is no error, the court accepts its findings and recommendations. The court remands this matter to the Municipal Court, City of the Colony, Denton County, Texas.

*So ordered by the court on January 7, 2026.*

J. CAMPBELL BARKER
United States District Judge